**Joseph N. BRIGGS, Plaintiff— Appellant,**

v.

**THE POSTMASTER GENERAL OF THE UNITED STATES; Lisa, Manag- er, U.S.P.O., Cox Avenue, Asheville, NC, Defendants—Appellees.**

No. 05–1968.

United States Court of Appeals, Fourth Circuit.

Submitted: March 23, 2006.

Decided: March 27, 2006.

Joseph N. Briggs, Appellant Pro Se.
Paul Bradford Taylor, Office of the United
States Attorney, Asheville, North Carolina,
for Appellees.

Before WILKINSON, LUTTIG, and
WILLIAMS, Circuit Judges.

Affirmed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit. See Local Rule
36(c).

PER CURIAM:

Joseph N. Briggs appeals the district
court's order dismissing his 42 U.S.C.
§ 1983 (2000) complaint. The district
court referred this case to a magistrate
judge pursuant to 28 U.S.C. § 636(b)(1)(B)
(2000). The magistrate judge recom-
mended that relief be denied and advised
Briggs that failure to file timely objections
to this recommendation could waive appel-
late review of a district court order based
upon the recommendation. Despite this
warning, Briggs failed to object to the
magistrate judge's recommendation.*

The timely filing of specific objections to
a magistrate judge's recommendation is
necessary to preserve appellate review of
the substance of that recommendation
when the parties have been warned of the
consequence of failure to object. *See
Wright v. Collins,* 766 F.2d 841, 845–46
(4th Cir.1985); *see also Thomas v. Arn,*
474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435
(1985). Briggs has waived appellate re-
view by failing to file objections after re-

ceiving proper notice. Accordingly, we af-
firm the judgment of the district court.

We dispense with oral argument because
the facts and legal contentions are ade-
quately presented in the materials before
the court and argument would not aid the
decisional process.

*AFFIRMED*

---

* In response to the magistrate judge's report,
Briggs filed a notice of appeal. That notice of
appeal was interlocutory when filed; howev-
er, the district court's subsequent entry of
judgment prior to this court's consideration of
the appeal cures the defect in jurisdiction.
*See Equipment Fin. Group, Inc. v. Traverse
Computer Brokers,* 973 F.2d 345, 347 (4th
Cir.1992).